UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES SPENCER MCLEAN, ET AL

VERSUS

BIG DOG GROUP LLC A/K/A
AUTOYES, ET AL

CIVIL ACTION

NO: 15-CV-40-JWD-SCR

ORDER AND REASONS

Before the Court is the Motion or Application for Stay of Proceedings Pending Arbitration (Doc. 6) made by Defendant BIG DOG GROUP, LLC d/b/a Autoyes ("Autoyes"), Plaintiffs' opposition to said motion (Doc. 26) and TD Auto Finance LLC's Limited Opposition to Motion for Stay or Proceedings Pending Arbitration. (Doc. 14-1) For reasons stated more fully below, the Court finds that Autoyes' motion (Doc. 6) should be DENIED without prejudice.

BACKGROUND AND CONTENTIONS OF THE PARTIES

This controversy arises out of the sale of a used 2011 Toyota Corolla by Autoyes to Plaintiffs James Spencer McClean and his wife Mary Madeline Hebert McClean on January 19, 2013. On January 28, 2015, Plaintiffs filed the present action *pro se* alleging that James McClean was "duped", misled and defrauded in connection with the sale and financing of the vehicle. This fraud, they allege, was discovered by them on October 30 and 31, 2014. (Doc. 1) Plaintiffs ask for rescission of the Retail Sales Installment Contract and Security Agreement, for actual and statutory damages for violations of the Truth In Lending Act, 15 U.S.C. 1601, *et seq*., specifically under 15 U.S.C. 1640, and for other relief. (Doc. 1)

In its Motion or Application for Stay of Proceedings Pending Arbitration, Autoyes alleges that "contemporaneous with the execution of the Act of Sale, these parties entered into an Arbitration Agreement." (Doc. 6) The Arbitration Agreement is a separate document from the

1

Retail Installment Contract and Security Agreement. (*Id.*) It is this agreement that forms the basis for the Autoyes motion.

The Arbitration Agreement, provides that "[a]ny dispute shall be determined exclusively by binding arbitration and not in court." (Doc 6-1, attached as Exhibit 1 to the Autoyes motion) In this agreement "Dispute" is defined as "any contract, tort, or other claim or disagreement which exists between seller and [buyer] arising out of or relating to [buyer's] credit application, automobile sales contract or any other transaction or relationship between [buyer] and seller…" (Doc. 6-1) Autoyes argues that the Federal Arbitration Act, 9 U.S.C. Section 1, et seq. ("FAA") controls and embodies a "liberal federal policy favoring arbitration agreements," (quoting *AT&T Mobility LLC v. Concepcion,* 131 S. Ct. 1740, 1749). Thus, argues Autoyes, this Court should stay the present action pending the completion of arbitration. (Doc. 6)

Plaintiff counters that not only did Autoyes obtain the sales and financing agreement by "fraud and misrepresentation" but that the Arbitration Agreement "is a forgery." (Doc. 26) Plaintiffs argue that under both Louisiana and federal law, the issue of whether the Arbitration Agreement is void *ab initio* because of fraud, mistake or duress is to be determined by the Court and not by arbitration, citing *George Engine Co. v. Southern Shipbuilding Corp.*, 350 So.2d 881 (La. 1977) and *Sinners and Saints, L.L.C. v. Noire Blanc Films, L.L.C.,* 937 F.Supp.2d 835 (E.D. La. 2013).

Co-Defendant TD Auto Finance, LLC ("TDAF") was not a party to the Arbitration Agreement and opposes the stay so that it can "seek substantive relief from this Court through its responsive pleadings." (Doc. 14-1) Autoyes did not file a Reply Brief.

**DISCUSSION**

Plaintiffs' suit asserts claims under the federal Truth In Lending Act and related state law claims. Autoyes contends these claims should be arbitrated rather than litigated. Plaintiffs argue that the foundation for the Autoyes argument is the Arbitration Agreement which they contend is void *ab initio* because of forgery and fraud. The issue before the Court is whether the validity of the Arbitration Agreement should be decided by the Court or should be stayed or dismissed so that this and the underlying liability issues can be resolved through arbitration.

While the Defendant has styled this a Motion or Application for Stay Pending Arbitration, the Court finds that this motion is more appropriately characterized as a Federal Rule of Civil Procedure 12(b)(3) motion to dismiss for improper venue, *Sinners and Saints, L.L.C. v. Noire Blanc Films, L.L.C.*, *supra* at p. 845. This is especially true given the language in the Arbitration Agreement stating that "[a]ny dispute shall be determined exclusively by arbitration and not in court." (Doc. 6-1) Therefore, for purposes of this properly characterized 12(b)(3) motion, the Court will accept the Plaintiffs' allegations in their complaint as true and resolve factual disputes in their favor. *Id.,* at p. 846.

Whether the parties should be compelled to arbitrate a dispute hinges on a two-part inquiry: first, did the parties agree to arbitrate the dispute; and second, whether the dispute falls within the scope of the arbitration agreement. *Will-Drill Res., Inc. v. Samson Res. Co*., 352 F.3d 211, 214 (5th Cir. 2003). In answering the first question, ordinary contract principles apply. *Id*. Therefore, the initial inquiry must be whether or not there was a valid contract in which the parties agreed to arbitrate. *Id*. This question must be answered by the Court. *Sinners and Saints, L.L.C. v. Noire Blanc Films, L.L.C.*, supra at p. 846, citing *Granite Rock Co. v. Int'l*

*Brotherhood of Teamsters, et al.*, 561 U.S. 287, 296-297, 130 S. Ct. 2847, 2855-2856 (2010). As stated by the court in *Sinners and Saints*, a claim that is "properly characterized as a challenge to the very existence of an arbitration agreement…is properly decided by the Court, not the arbitrator." *Id.*, at 847. This is consistent with Louisiana law on this issue. *George Engine Co. v. Southern Shipbuilding Corp.*, supra; *Long v. Jeb Breithaupt Design Build, Inc.*, 4 So.3d 930, 939 (La. App. 2d Cir. 1999)

In this case, the Court's inquiry ends with the first question. The Plaintiffs allege that the Arbitration Agreement, upon which Autoyes' argument rests, was forged. If true, there is no valid contract, and the requested stay should be denied. Thus, the factual issue as to whether there is a valid arbitration agreement precludes the Court from granting the Motion to Stay. "[T]his federal policy favoring arbitration does not apply to the determination of whether there is a valid agreement to arbitrate between the parties." *Id.*, at pp. 846-847, quoting *Will-Drill Res., Inc.*, 352 F.3d at 214, in turn quoting *Fleetwood Enters. Inc. v. Gascamp*, 280 F.3d 1069, 1073 (5th Cir. 2002).

Accordingly, IT IS HEREBY ORDERED that the Motion or Application for Stay of Proceedings Pending Arbitration is DENIED without prejudice to the right of Autoyes to re-urge the motion after conducting discovery on whether Plaintiffs and Autoyes formed a valid agreement to arbitrate.

Signed in Baton Rouge, Louisiana, on April 14, 2015.

                                               _____
                                               **JUDGE JOHN W. deGRAVELLES**
                                               **UNITED STATES DISTRICT COURT**
                                               **MIDDLE DISTRICT OF LOUISIANA**