UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES SPENCER MCLEAN, ET AL

CIVIL ACTION

VERSUS

NO:  15-40-JWD-EWD

BIG DOG GROUP LLC A/K/A
AUTOYES, ET AL

### RULING AND ORDER

Before the Court is the Motion to Set Aside Preliminary Default of Defendant, Big Dog Group, L.L.C. a/k/a AutoYes ("AutoYes"). (Doc. 69.)  Plaintiffs oppose the motion. (Doc. 72.) No oral argument is necessary.  Having carefully considered the law, facts in the record, and arguments of the parties, AutoYes's motion is granted.

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).  "We are mindful that 'good cause' is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely." *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992).  "In determining whether to set aside a default decree, the district court should consider whether the default was willful, whether settling it aside would prejudice the adversary, and whether a meritorious defense is presented." *Id.*  These factors are not exclusive, and another factor includes if defendant acted expeditiously to correct the default. *Id.*  "When … a defendant's neglect is at least a partial cause of its failure to respond, the defendant has the burden to convince the court that its neglect was excusable, rather than willful, by a preponderance of the evidence."  *In re Chinese-Manufactured Drywall Products*, 742 F.3d 576, 594 (5th Cir. 2014).

Here, the above factors weigh in favor of setting aside the entry of default. First, AutoYes's default was not willful. Defendant did in fact respond to the lawsuit by filing a motion to stay the proceedings due to an arbitration agreement (Doc. 6.) This motion was pending when the Clerk granted the request for entry of default. (Doc. 28.) Moreover, the Defendant is correct that TDAF's motions to dismiss touched on many issues applicable to the claims against AutoYes. While AutoYes should have joined in the TDAF's motion or requested an extension of time until those motions were decided, the Court cannot say that AutoYes was willful in failing to do so. Even if AutoYes was neglectful in failing to respond, it has demonstrated that the neglect was excusable.

Second, in their opposition to the instant motion, Plaintiffs demonstrated no prejudice to setting aside the entry of default. The Court does not believe that Plaintiffs would be prejudiced by having to prove the merits of their claims, particularly considering the fact that this case, though 15 months old, has no discovery cutoff or trial date set.

Third, based on the Court's ruling on TDAF's motions to dismiss (Doc. 77), it appears that AutoYes may have several meritorious defenses to the federal claims pending against it. If these claims are dismissed, there will be no remaining federal claims over which this Court has original jurisdiction, and the Court will be inclined to decline the exercise of supplemental jurisdiction over the remaining claims.

And fourth, AutoYes acted expeditiously in correcting the problem. The entry of default occurred on November 30, 2015 (Doc. 65), and AutoYes answered this suit days later on December 2, 2015 (Doc. 67.)

In sum, AutoYes has demonstrated that setting aside the entry of default is appropriate.

Accordingly,

**IT IS ORDERED** that the Motion to Set Aside Preliminary Default of Defendant, Big Dog Group, L.L.C. a/k/a AutoYes (Doc. 69) is **GRANTED**; and

**IT IS FURTHER ORDERED** that the Clerk's office is hereby directed to vacate and set aside the entry of default entered against AutoYes.

Signed in Baton Rouge, Louisiana, on <u>April 14, 2016</u>.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**